959 F.2d 234
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Nathan LINDSEY, Plaintiff-Appellant, Fa'Dee Mulazim, Plaintiff,
v.
Chuck KINNEY; Gronholn; Dykehouse; Ray Toombs; M.
Thomas; Dennis Dyke, Defendants-Appellees.
 Nos. 91-2266, 91-2267.
 United States Court of Appeals, Sixth Circuit.
 April 9, 1992.
 
 Before DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Nathan Lindsey appeals the district court's judgment granting summary judgment for the defendants in his 42 U.S.C. § 1983 prisoner civil rights action (Case No. 91-2266). He also appeals the district court's order granting the defendants' motion to tax costs (Case No. 91-2267). These cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Lindsey and another prisoner, Fa'dee Mulazim, claimed that they suffered different violations of their constitutional rights while incarcerated at the Ionia Maximum Prison. Specifically, Lindsey claimed that his due process rights were violated when he was falsely charged with misconduct, found guilty, and punished after an administrative hearing. The defendants are various Michigan prison officials. Plaintiffs requested damages and injunctive relief.
 
 
 3
 The district court granted summary judgment for the defendants as Lindsey's rights were not violated. See Vicory v. Walton, 721 F.2d 1062, 1066 (6th Cir.1983), cert. denied, 469 U.S. 834 (1984). The court then granted the defendants' motion for costs.
 
 
 4
 On appeal, Lindsey argues that the claims were not barred by the Eleventh Amendment, and that costs were incorrectly assessed against him. He also requests counsel.
 
 
 5
 As an initial matter, we recognize this appeal as brought only by Nathan Lindsey as he was the only party to sign the notice of appeal. See Torres v. Oakland Scavenger Co., 487 U.S. 312 (1988); Minority Employees of the Tenn. Dep't. of Employ. Sec., Inc. v. Tennessee, 901 F.2d 1327, 1331-36 (6th Cir.) (en banc), cert. denied, 111 S.Ct. 210 (1990).
 
 
 6
 Liberally construing Lindsey's arguments, see generally Brooks v. Seiter, 779 F.2d 1177, 1179-80 (6th Cir.1985), we conclude that he is appealing the district court's judgment regarding his claim of the lack of due process in his administrative hearing.
 
 
 7
 The record shows that there is no genuine issue of material fact and that the defendants are entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). The requirements of advance notice, an opportunity to present a defense, and a statement of the evidence and reasons for the discipline imposed were met. See Wolff v. McDonnell, 418 U.S. 539, 564 (1974). The requirements of due process are satisfied if some evidence in the record supports the disciplinary board's conclusion, see Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455-56 (1985), and the record in this case contains such evidence. Lindsey was told that he could not take his personal property with him when going out on writ, whereupon he became disruptive and threatened prison staff.
 
 
 8
 Lindsey's argument that he should be allowed to amend his complaint is meritless. He did not file an amended complaint before a responsive pleading was served, nor did he request leave of court or obtain the defendant's written consent. See Fed.R.Civ.P. 15(a).
 
 
 9
 Finally, the district court did not abuse its discretion when it granted costs. See Weaver v. Toombs, 948 F.2d 1004, 1008 (6th Cir.1991).
 
 
 10
 Accordingly, the motion for counsel is hereby denied and the district court's judgment and order are hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.